Citation Nr: 1730426 
Decision Date: 07/31/17 Archive Date: 08/04/17

DOCKET NO. 12-27 499A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi


THE ISSUES

1. Entitlement to a rating in excess of 30 percent for depression.

2. Entitlement to a rating in excess of 10 percent for right upper extremity neuropathy associated with type II diabetes mellitus. 

3. Entitlement to a rating in excess of 10 percent for left upper extremity neuropathy associated with type II diabetes mellitus. 


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Veteran
ATTORNEY FOR THE BOARD

J.L. Ivey, Associate Counsel 


INTRODUCTION

The Veteran served on active duty with the United States Air Force from October 1968 to September 1971, including service in the Republic of Vietnam. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from numerous rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Jackson, Mississippi.

The Veteran was afforded a videoconference hearing before the undersigned Veterans Law Judge (VLJ) April 2016. The hearing transcript is associated with the record. These matters were previously remanded by the Board for additional development in July 2016.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. Without good cause, the Veteran failed to report for a VA examination for his service-connected depression.

2. Without good cause, the Veteran failed to report for a VA examination for his service-connected right and left upper extremities.



CONCLUSIONS OF LAW

1. Because of his failure, without good cause, to report for his scheduled December 2016 VA examinations needed to decide his appeal, the Veteran's increased rating claim for service-connected depression must be denied as a matter of express VA regulation. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. §§ 3.156, 3.655 (2016).

2. Because of his failure, without good cause, to report for his scheduled December 2016 VA examinations needed to decide his appeal, the Veteran's increased rating claim for service-connected right upper extremity neuropathy must be denied as a matter of express VA regulation. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. §§ 3.156, 3.655 (2016).

3. Because of his failure, without good cause, to report for his scheduled December 2016 VA examinations needed to decide his appeal, the Veteran's increased rating claim for service-connected left upper extremity neuropathy must be denied as a matter of express VA regulation. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. §§ 3.156, 3.655 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran did not appear for the December 2016 VA examinations for his service-connected depression and bilateral upper extremity peripheral neuropathy. The regulations provide that when a claimant, without showing good cause, fails to report for an examination scheduled in conjunction with a claim to reopen a service connection claim or a claim for an increased rating, the claim shall be denied. See 38 C.F.R. § 3.655 (2016). 

The Veteran apparently did not report for his examinations, scheduled in Biloxi, Mississippi because he preferred treatment at the VAMC in Jackson, Mississippi. The Veteran was notified in an October 2016 letter that failure to report for an examination could result in denial of his claim; the letter noted that examples of "good cause" to miss an examination include, but are not limited to: illness, hospitalization, and death of a family member. 

The Board observes that the Biloxi is closer in mileage and travel time from the Veteran's home zip code than Jackson. VA uses a tool to determine the appropriate location for VA examinations and the Veteran does not contend otherwise. Moreover, neither the Veteran nor his representative has indicated that he missed his examinations due to not receiving notice. See Kyhn v. Shinseki, 24 Vet. App. 228, 238 (2011), vac'd on other grounds, 716 F.3d 572 (Fed. Cir. 2013). The "cause" provided by the Veteran and his representative has been limited to a generic assertion the Veteran preferred to be seen at the Jackson, VAMC. Without more, the Board does not find that there was good cause for the Veteran missing the December 2016 examinations and the claims must therefore be denied. See 38 C.F.R. §§ 3.326, 3.327, 3.655; Engelke v. Gober, 10 Vet. App. 396, 399 (1997).


ORDER

Entitlement to a rating in excess of 30 percent for depression is denied. 

Entitlement to a rating in excess of 10 percent for right upper extremity neuropathy associated with type II diabetes mellitus is denied.

Entitlement to a rating in excess of 10 percent for left upper extremity neuropathy associated with type II diabetes mellitus is denied.



____________________________________________
STEVEN D. REISS
 Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs